**Imran KHAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–70679.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2012.\*

Filed Oct. 15, 2012.

Anju Multani, Downey, CA, for Petitioner.

Sabatino F. Leo, Trial, DOJ—U.S. Department Of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department Of Homeland Security, San Francisco, CA, for Respondent.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

**MEMORANDUM** \*\*

Imran Khan, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his motion to reopen removal proceedings. We have jurisdiction un-

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Khan's motion to reopen based on ineffective assistance by his three former attorneys. Khan did not establish actual deficient performance by his first attorney, where the attorney withdrew his applications for relief and accepted voluntary departure to allow petitioner to immigrate to Canada to join his Canadian citizen wife. *See Torres–Chavez v. Holder,* 567 F.3d 1096, 1100–02 (9th Cir.2009). As to the subsequent attorneys, Khan did not establish prejudice from their failure to file a motion to reopen, where his declaration states that he met with the attorneys after the applicable filing deadline. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of the final administrative order); *Mohammed,* 400 F.3d at 793–94 (prejudice results when counsel's actions may have affected the outcome of proceedings).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.